**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPECIALTY SURGERY OF MIDDLETOWN,<br>              Plaintiff,<br>v.<br>AETNA, JOHN/JANE DOES 1-10; ABC CORP. 1-10; and ABC PARTNERSHIPS 1-10,<br>              Defendants. | Civil Action No.: 12-4429 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Aetna's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Defendant seeks summary judgment as to Plaintiff Specialty Surgery of Middletown's suit for recovery of benefits under 29 U.S.C. § 1132(a)(1)(b) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant's motion is unopposed and no oral argument has been heard on this matter pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Defendant's motion is **GRANTED**.

## BACKGROUND

Defendant has submitted a Statement of Undisputed Material Facts as required by Local Civil Rule 56.1("Def's Stmt. of Undisp. Facts"). In accordance with Local Rule 56.1, Defendant's assertions of undisputed material fact are each supported with evidence contained in the record. Because Plaintiff has failed to oppose this motion, and has thus failed to submit a responsive 56.1 Statement, Defendant's statements of fact "shall be deemed undisputed for purposes" of this summary judgment motion.[1] *See* L. Civ. R. 56.1 ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts . . . ; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

Plaintiff Specialty Surgery of Middletown is an outpatient Ambulatory Surgical Center in Middletown, New Jersey. (*See* Def's Stmt. of Undisp. Facts ¶ 1, ECF No. 33.) Defendant Aetna, Inc. ("Aetna") is a health benefits provider and administrator for ERISA-covered employee benefit plans. (*Id.* at ¶ 2.)

Between 2010 and 2011, five Aetna employee benefit plan members received treatment at Plaintiff's facility. (*Id.* at ¶ 3.) These members—named Rebecca S., Andrew F., Patrick R., Carolyn B., and David C.—were each denied full coverage for their procedures by Defendant, acting as the ERISA benefit plan administrator of their respective plans. (*Id.* at ¶¶ 6, 24, 38, 50, 67.) In each case, the reason given for the denial was that the procedure was "experimental or investigational" as defined by the benefit plans, and thus was not covered under the terms of the plans. (*Id.* at ¶¶ 15, 30, 45, 60, 74.)

---

[1] Although each of Defendant's statements of fact are deemed undisputed for the purposes of this motion, this Court has, in any event, carefully reviewed the evidence in the record and has viewed the facts and all reasonable inferences therefrom in the light most favorable to the Plaintiff, in-keeping with the appropriate summary judgment standard.

Plaintiff claims that the five Aetna members assigned their rights to benefits under their respective Aetna healthcare plans to Plaintiff prior to receiving medical treatment. (*Id.* at ¶ 4.) On that basis, Plaintiff filed five separate lawsuits in state court seeking to recover benefits for services rendered to the five Aetna members. (*Id.* at ¶ 3.) Each suit consisted of six claims: breach of contract, third party beneficiary, promissory estoppel, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and a federal claim under ERISA's civil enforcement provision. (*Id.* at ¶ 3.) The five separate suits were subsequently removed to federal court and consolidated into the present action. (*See* Notice of Removal, ECF No. 1; Order Grant'g Mot. to Consolidate, ECF No. 9.) On May 23, 2014, Defendant filed the present motion for summary judgment. (*See* Def's Mem. in Supp. of Mot., ECF No. 31.)

## LEGAL STANDARD

### A. Summary Judgment

Federal Rule of Civil Procedure 56(c) requires that a court grant a motion for summary judgment if the moving party has shown (1) the absence of a genuine dispute as to any material fact, and (2) that it is "entitled to judgment as a matter of law." If the moving party successfully makes this showing, then the burden shifts onto the nonmoving party to present evidence sufficient to create a genuine dispute as to a material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine dispute exists, a court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

3

**B.     Benefit Recovery Action under 29 U.S.C. § 1132(a)(1)(B)**

The civil enforcement provision of ERISA provides a cause of action for a healthcare plan "participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Courts review administrative denials of ERISA plan benefits under a *de novo* standard unless the benefits plan grants the administrator "discretionary authority to determine eligibility for benefits." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). Where the terms of the benefit plan give the administrator "discretionary authority," courts use a deferential standard of review, referred to as an "arbitrary and capricious" standard or an "abuse of discretion" standard. *See Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 844 (3d Cir. 2011); *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011) ("In the ERISA context, an 'abuse-of-discretion' standard of review is used interchangeably with an 'arbitrary and capricious' standard of review.") (citing *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 793 n. 6 (3d Cir.2010)). "The plan administrator bears the burden of proving that the arbitrary and capricious standard of review applies." *Viera*, 642 F.3d at 413 (quoting *Kinstler v. First Reliance Std. Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir.1999)).

In the present case, Defendant has demonstrated that it was granted discretionary authority under the terms of the relevant employee benefits plans. (*See* Cert. of Michael McNamara ¶¶ 4-8, ECF No. 35.) The Court therefore reviews the Defendant's decision under a deferential standard, and will only disturb the Defendant's administrative decision if it constituted an abuse of discretion.

## DISCUSSION

A.  **Plaintiff has no Standing to Sue for Benefits Denied to Rebecca S., Andrew F., and Patrick R.**

Defendant argues that Plaintiff has no standing to sue for benefits relating to its treatment of Rebecca S. and Andrew F. because Plaintiff has failed to show that those members assigned their benefits to Plaintiff. (*See* Def's Mem. in Supp. of Mot. 15.) Additionally, Defendant argues that Plaintiff has no standing to sue for benefits relating to its treatment of Patrick R. because Patrick R.'s benefits plan contains a valid and enforceable anti-assignment provision.

As an initial matter, this Court discusses whether an assignment of benefits under an ERISA plan can confer derivative standing onto a Plaintiff. On its face, the civil enforcement provision of ERISA (29 U.S.C. § 1132(a)(1)(b)) only gives standing to plan participants and plan beneficiaries. *See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). This Court has previously recognized that,

> [a]lthough the Third Circuit has not specifically addressed whether an assignment of benefits confers ERISA standing on a non-participant or a non-beneficiary, it has observed that '[a]lmost every circuit to have considered the question has held that a healthcare provider can assert a claim under § 502(a) where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan.'

*Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, 2:13-CV-03057 JLL, 2014 WL 268686 (D.N.J. Jan. 23, 2014) (quoting *Pascack*, 388 F.3d at 401 n. 7). As such, this Court has generally recognized the ability of a healthcare provider to attain derivative standing "by virtue of a valid assignment of benefits by the plan beneficiary." *Cohen*, 2014 WL 268686; *see, e.g., Atlantic Spinal Care v. Highmark Blue Shield*, No. 13–3159, 2013 WL 3354433, *4 (D.N.J. July 2, 2013); *Edwards v. Horizon Blue Cross Blue Shield of N.J.*, No. 08–6160, 2012 U.S. Dist. LEXIS 105266, at *17 (D.N.J. June 4, 2012).

### 1. Plaintiff has No Standing to Sue for Benefits Relating to Rebecca S. and Andrew F.

Defendant argues that there is no evidence that an assignment of benefits ever existed with regard to Rebecca S. and Andrew F., and that Plaintiff therefore does not have standing to sue for benefits due to Rebecca S. and Andrew F. (*See* Def's Mem. in Supp. of Mot. 15.) Plaintiff, in turn, provides no argument or evidence supporting the existence of a valid assignment of benefits as to said patients.

"The party invoking federal jurisdiction bears the burden of establishing [standing]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Although Defendant removed this case to federal court, Plaintiff now bears the burden of establishing ERISA standing. *See Freeman v. Corzine*, 629 F.3d 146, 153 (3d Cir. 2010) (holding that, on a motion for summary judgment, the plaintiff must set forth evidence demonstrating standing). In cases where derivative standing is predicated upon an assignment of benefits under an ERISA plan, "failure to establish that an appropriate assignment exists is fatal to . . . standing." *Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan*, 143 Fed. Appx. 433, 436 (3d Cir. 2005).

In the absence of any evidence tending to show the existence of a valid assignment, the Court is compelled to dismiss the claims relating to Rebecca S. and Andrew F. for lack of standing. *See, e.g., Cmty. Med. Ctr.*, 143 Fed. Appx. at 436; (dismissing for lack of jurisdiction where the Plaintiff failed to show the existence of a valid assignment of benefits); *Pascack Valley Hosp., Inc.*, 388 F.3d at 400-02 (holding that, in the absence of any evidence of a valid assignment, a hospital has no standing to sue under the ERISA civil enforcement provision).

### 2. Plaintiff has No Standing to Sue for Benefits Relating to Patrick R.

Defendant concedes that Plaintiff has produced a document purporting to assign Patrick R.'s benefits under the ERISA benefits plan to Plaintiff. (*See* Def's Mem. in Supp. of Mot. 16.) However, Defendant argues that Plaintiff has no standing to sue for benefits relating to Patrick R. because of a valid and enforceable anti-assignment provision contained in Patrick R.'s benefits plan. (*Id.*)

"Although the Third Circuit has not addressed the issue of anti-assignability clauses, a number of federal and state courts have found that unambiguous anti-assignment provisions in group health care plans are valid." *Briglia v. Horizon Healthcare Servs., Inc.*, CIV.A.03-6033 FLW, 2005 WL 1140687 at *4 (D.N.J. May 13, 2005). Courts in the District of New Jersey have thus far held that unambiguous anti-assignment provisions in group healthcare plans are valid and enforceable. *See, e.g., Cohen*, 820 F. Supp. 2d at 605 ("Having concluded that the anti-assignment clause in the Plan is not barred under ERISA, the Court finds the unambiguous language of that clause prohibits the Subscriber from assigning his benefits."); *Glen Ridge Surgicenter, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, CIV.A.08-6160 (JAG), 2009 WL 3233427 at *4 (D.N.J. Sept. 30, 2009) ("[T]he presence of an anti-assignment provision in the Horizon plans at issue could negate GRS's standing to sue Horizon for unpaid benefits, unless GRS submits evidence demonstrating that the anti-assignment provision is unenforceable."); *Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, CIV.A.06-0462(JAG), 2007 WL 4570323 at *3 (D.N.J. Dec. 26, 2007) ("[T]he presence of an anti-assignment provision in the Horizon plans at issue could negate GSS's standing to sue Horizon for unpaid benefits, unless GSS submits evidence demonstrating that the anti-assignment provision is unenforceable.").

In this case, the anti-assignment provision contained in Patrick R.'s benefits plan clearly applies to the purported assignment now at issue. Specifically, the anti-assignment provision states that:

> Coverage may be assigned only with the written consent of **Aetna**. To the extent allowed by law, **Aetna** will not accept an assignment to an **out-of-network provider**, including but not limited to, an assignment of:
>
> - The benefits due under this contract;
> - The right to receive payments due under this contract; or
> - Any claim you make for damages resulting from a breach or alleged breach, of the terms of this contract.

(*See* Def's Mem. in Supp. of Mot. Ex. E.)

Plaintiff has come forward with no evidence showing Aetna's written consent to Patrick R.'s purported assignment of benefits to the plaintiff. In light of the clear applicability of the benefit plan's anti-assignment provision, and in the absence of any argument whatsoever against the enforceability of the provision,[2] the Court concludes that Plaintiff has no derivative standing to sue for benefits relating to Patrick R. *See, e.g., Atl. Spinal Care v. Highmark Blue Shield*, CIV. A. 13-3159 JLL, 2013 WL 3354433 at *3 (D.N.J. July 2, 2013) (holding that Plaintiff had no standing to sue where anti-assignment provision applied to the attempted assignment of benefits); *Cohen*, 820 F. Supp. 2d at 603 (describing a plan's anti-assignment clause as "fatal" to a derivative standing argument based on assignment of benefits).[3]

---

[2] To be clear, this Court's holding in this regard is based, in part, on the absence of any compelling argument by Plaintiff that the anti-assignment provision at issue is unenforceable or otherwise inapplicable.

[3] Even if Plaintiff had established that it had standing to sue Defendant for benefits allegedly due to Rebecca S., Andrew F., and/or Patrick R under their respective ERISA plans, such claims would in any event be dismissed for the reasons set forth subsections B and C of this Opinion.

8

### B. Plaintiff's State Law Claims are Completely Preempted by ERISA

Having determined that Plaintiff has no standing to sue for benefits relating to Rebecca S., Andrew F. and Patrick R., the Court proceeds to discuss Plaintiff's remaining claims relating to Carolyn B. and David C. With respect to the benefits due to Carolyn B. and David C., Plaintiff asserts five state law claims: "breach of contract, third party beneficiary, promissory estoppel, breach of fiduciary duty and breach of the covenant of good faith and fair dealing." (*See* Def's Mem. in Supp. of Mot. 13.) Defendant argues that all five of Plaintiff's state law claims are preempted by ERISA. Based on the reasons that follow, this Court agrees with the Defendant.

The civil enforcement provision of ERISA, located at 29 U.S.C. § 1132, preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). This is so "even when the claim is couched in terms of common law negligence or breach of contract." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001). A suit brought for the purpose of "rectify[ing] a wrongful denial of benefits promised under an ERISA-regulated plan" falls within the scope of ERISA's civil enforcement provision, "and [is] therefore completely pre-empted." *Davila*, 542 U.S. at 214. "[T]he ultimate distinction to make for purposes of complete preemption is whether the claim challenges the administration of or eligibility for benefits, which falls within the scope of § 502(a) and is completely preempted, or the quality of the medical treatment performed, which may be the subject of a state action." *Pryzbowski*, 245 F.3d at 273.

Plaintiff, as the healthcare provider in each instance, does not challenge the quality of the medical treatments performed in each case. (*See* Def's Mem. in Supp. of Mot. Ex. A.) Instead, each of Plaintiff's five state law claims challenges an administrative decision regarding

9

eligibility for benefits, and seeks to recover benefits under the respective ERISA-covered plans. (*See id.*) For example, Plaintiff's claim for breach of contract seeks only to recover additional benefits under the terms of the respective benefits plans. (*See id.*) Additionally, Plaintiff's claims for third party beneficiary and breach of the covenant of good faith and fair dealing relate to the terms of the respective benefits plans, and do not challenge the quality of the medical treatments performed. (*See id.*) Plaintiff's state law claims are therefore completely preempted by ERISA's civil enforcement provision, and must be dismissed. *See, e.g., Metro. Life Ins. Co.*, 481 U.S. at 62 (holding common law contract and tort claims for recovery of benefits under an ERISA plan to be completely preempted under the ERISA civil enforcement provision); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43, 52 (1987) (holding that state law claims for breach of contract, breach of fiduciary duty and fraud in the inducement are preempted by the ERISA civil enforcement provision). Plaintiff has given the Court no reason to find otherwise.

## C.   Plaintiff fails to show any Evidence Demonstrating a Genuine Dispute as to Arbitrariness or Capriciousness.

Having dismissed Plaintiff's preempted state law claims, the only remaining claim is Plaintiff's claim for benefits under 29 U.S.C. § 1132(a)(1)(B). In support of that claim, Plaintiff alleges that Defendant acted arbitrarily and capriciously in denying coverage, but provides no evidence or argument to substantiate its claim. Defendant, on the other hand, argues that its denials of coverage were founded on proper reasoning, and were neither arbitrary nor capricious. (*See* Def's Mem. in Supp. of Mot. 13.)

As discussed above, the Court reviews Defendant's decision under the deferential "abuse of discretion," or "arbitrary and capricious" standard. "A[n] [administrator] abuses his discretion

10

by failing to use his judgment, when he acts 'without knowledge of or inquiry into the relevant circumstances and merely as a result of his arbitrary decision or whim.'" *Metro. Life Ins. Co.*, 554 U.S. at 131 (quoting Restatement (Second) of Trusts § 187 cmt. f (1959)). "Under a traditional arbitrary and capricious review, a court can overturn the decision of the plan administrator "only if it is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Viera*, 642 F.3d at 413 (quoting *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 845 (3d Cir.2011)). The scope of this review is narrow, and "the court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits." *Doroshow v. Hartford Life & Accident Ins. Co.*, 574 F.3d 230, 234 (3d Cir. 2009) (citation omitted). Moreover, any conflict of interest on the part of the administrator should be considered as a factor when determining whether the administrator abused its discretion. *See Estate of Schwing v. The Lilly Health Plan*, 562 F.3d 522, 525 (3d Cir. 2009) (discarding the "sliding scale" approach to conflicts, and holding that "courts reviewing the decisions of ERISA plan administrators or fiduciaries in civil enforcement actions . . . [should] consider any conflict of interest as one of several factors in considering whether the administrator or the fiduciary abused its discretion.")

In the present case, Defendant has demonstrated that its denials of coverage were based on the language of the various plans, and were therefore neither arbitrary nor capricious. Defendant points to appeal responses issued with relation to each denial. (*See* Def's Mem. in Supp. of Mot. 13-14, ECF No. 31.) The appeal responses issued by Defendant lay out the reasons underlying each administrative denial. For example, with respect to Carolyn B., Defendant issued an appeal response explaining that spinal manipulation under anesthesia ("MUA") is not considered by the Defendant to be safe or effective for the treatment of neck and

11

back problems, and is only considered medically necessary under particular circumstances not present in Carolyn B.'s case. (*See* Def's Mot. in Supp. of Mot. Ex. B.) Similarly, with regard to David C.'s partial denial of benefits, Defendant's appeal response explained that "[f]acet joint injections are considered experimental and investigational" when used to treat "back and neck pain," and lays out the circumstances under which facet joint injections would be considered medically necessary. (*Id.* Ex. F.)

Both appeal responses point to an absence of peer-reviewed studies regarding the safety and effectiveness of the particular procedure, and cite to published Clinical Policy Bulletins ("CPBs") which support Defendant's policies. (*See* Def's Mem. in Supp. of Mot. Ex's B, F.) Having considered the language contained in the relevant plans and CPBs, the Court concludes that the administrator's interpretation of that language was reasonable. These facts, unopposed as they are, are sufficient to establish the absence of a genuine dispute regarding any material fact relating to arbitrariness or capriciousness. *See, e.g., Dowden v. Blue Cross & Blue Shield of Texas, Inc.*, 126 F.3d 641, 644 (5th Cir. 1997) (holding that denial of benefits was neither arbitrary nor capricious where the decision was based on the written policy of the administrator and was informed by "learned writings"); *Guild v. Cont'l Cas. Co.*, 25 F. App'x 753, 756 (10th Cir. 2001) (holding that administrative denial was not arbitrary or capricious where evidence of permanent disability was ambiguous, and administrator's interpretation of it was reasonable). Defendant's motion for summary judgment as to these claims is therefore granted. *See Flanagan v. First Unum Life Ins.*, 170 F. App'x 182, 184 (2d Cir. 2006) (affirming administrator's decision to deny benefits where the denial was based on the administrator's "interpretation of the treating physician's records and correspondence").

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**.

An appropriate Order accompanies this Opinion.


Date:   June 24, 2014                                    s/ Jose L. Linares
                                                         Jose L. Linares, U.S.D.J.